**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC., *Plaintiff*, | ) | No. 26 C 11858 |
| v. | ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A *Defendants*, | ) | |

**OPINION & ORDER**

Plaintiff Advance Magazine Publishers Inc. filed an *Ex Parte* Motion For Entry Of A Temporary Restraining Order, Including A Temporary Injunction, A Temporary Asset Restraint, And Expedited Discovery. (Dkt. 15). The Court denies Plaintiff's Motion. (*Id.*)

Plaintiff fails to satisfy joinder. *Standing Order*, ¶ 2(b); Fed. R. Civ. P. 20. While Plaintiff submitted a Supplemental Memorandum in support of joinder, Plaintiff's Motion fails at the outset. (*See* Dkts. 15, 16, 20). Plaintiff asserts joinder is proper because its "claims against Defendants . . . arise from the same series of commercial occurrences and present the same questions of law and fact." (Dkt. 20 at 2). Plaintiff fails to support this boilerplate assertion. (*Id.*) No facts show that the transactions are related, arise from the same transaction or series of transactions, or that Defendants are related in any way. Plaintiff's Declaration of Justin Gaudio does not even attempt to meet these requirements. (Dkt. 17). It instead cites to a few generic reports and three unrelated cases from over a half a decade ago. (*Id.*) Plaintiff fails to mention a single Defendant from this lawsuit much less "provide specific, nonconclusory, non-speculative facts showing that [its] claims against each defendant arise from the same transaction or series of transactions and share common questions of law or fact." *Standing Order*, ¶ 2(b). Plaintiff further violated the Court's order by failing to "identify non-conclusory, nonspeculative facts linking defendants through a common scheme or interrelated conduct." *Id.* Plaintiff has done no more than group thirty Defendants—who all are selling different products across four different platforms allegedly infringing at least (one, some, or all of the) seventeen asserted trademarks—and speculate that this satisfies joinder. It does not. "Merely alleging that multiple defendants infringe the same intellectual property in similar ways is insufficient and will be rejected." *Id.*; *Chrome Hearts LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2026 WL 1382792, at *3-5 (N.D. Ill. May 18, 2026). None of the cases Plaintiff cites are binding or analogous such that they command a different outcome. *See id.*; *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence."); *McDowell v. Morgan Stanley & Co.*, 645

F. Supp. 2d 690, 696 (N.D. Ill. 2009); *Bryant v. Ent. Shopping, Inc.*, 2011 WL 3511077, at *2 (N.D. Ill. Aug. 8, 2011); *Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011).[1] Because Plaintiff has violated this Court's order and failed to satisfy joinder—which is essential to succeeding on the merits—Plaintiff has failed to carry its burden of making a "clear showing" that entry of a preliminary injunction is proper. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024); *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013); *Chrome Hearts LLC*, 2026 WL 1382792, at *3-5 (N.D. Ill. May 18, 2026).

Plaintiff's Motion also fails on the merits. Plaintiff seeks *ex parte* injunctive relief against thirty Defendants. (Dkt. 2); (Dkt. 14) (dismissing one Defendant). Plaintiff's position on why it is likely to succeed on the merits is conclusory. (Dkt. 16 at 7-9). Spanning just two pages, Plaintiff fails to show how it is likely to succeed on the merits for each of the thirty Defendants. (*Id.*) It instead indiscriminately lumps them all together and treats them "as a single Defendant. They are not." *Santanu Das v. Tata Consultancy Services, Ltd. et al.*, 2026 WL 2935334, at *4 (N.D. Ill. Sept. 30, 2026) (rejecting practice of indiscriminately lumping defendants together without providing separate analyses). Injunctions are extraordinary, drastic remedies "never awarded as of right." *Starbucks*, 602 U.S. at 345. They "must 'be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt.'" *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 414-15 (7th Cir. 2008) (quoting *PMC, Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998)). The Court declines to grant an *ex parte* injunction lacking ***any*** specificity regarding the conduct of each Defendant. *Id.*; *see also Collectanea J. Ltd. v. The Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2026 WL 891930, at *5 (N.D. Ill. Mar. 31, 2026) (dissolving an injunction against multiple defendants because "[t]he injunction, as issued, operates against all defendants collectively . . . regardless of whether they have any demonstrated connection to one another or to the core infringement alleged."); *Semisilicon Tech. Corp. v. Changzhou Jutai Elec. Co.*, 2026 WL 1694026, at *9 (N.D. Ill. June 11, 2026) (recognizing that even "joint legal representation does not equate to joint conduct" and ruling that it is improper that plaintiff treated all defendants "as a singular entity," by "lumping all their actions, knowledge, and positions as one" without explaining why joint treatment of the parties is proper). These failures are amplified as Plaintiff seeks broad *ex parte* relief. The "circumstances in which an ex parte order should be granted are extremely limited." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). While Plaintiff submitted cursory, unexplained, screenshots of the apparently infringing products along with lists of its trademarks, that is insufficient to carry its burden and violates this Court's order. *Standing Order*,

---

[1] *See also Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* 2019 WL 6210939, at *2 (N.D. Ill. Nov. 21, 2019) (joinder not satisfied merely because multiple defendants allegedly infringe similar intellectual property in similar ways); *Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unidentified Assocs. Identified on Schedule A*, 2024 WL 4834911, at *2 (N.D. Ill. Nov. 20, 2024); *Fendi S.R.L. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2025 WL 3514467, at *3 (N.D. Ill. Dec. 8, 2025); *Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Attached Schedule A*, 2024 WL 5440056, at *5 (N.D. Ill. Nov. 8, 2024); *Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2025 WL 71797, at *6 (N.D. Ill. Jan. 10, 2025); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024) (all holding same).

¶¶ 2(a), 5. "The Court requires strict compliance with these rules. The Court will reject any submission that fails to comply." *Id.*

Plaintiff also violated Paragraph 5(b) of this Court's Standing Order *Id.*, ¶ 5(b). Plaintiff's Motion does no more than "[b]roadly cit[e] to exhibits and images of the plaintiff's intellectual property and defendants' accused products to demonstrate a likelihood of success on the merits[.]" *Id.* Plaintiff has failed to show ***how*** each Defendant infringes Plaintiff's asserted trademarks. Lacking support, Plaintiff's position fails. *Id.*; *see also Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (quoting *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 964 n. 1 (7th Cir. 2004); *Das*, 2026 WL 2935334, at *9 ("[I]t [is] clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.") (quoting *Doe By & Through G.S. v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995)).

Plaintiff additionally violated Paragraph 2(e) by seeking a $30,000 bond when the Court "presumptively requires a bond of $10,000 per defendant." *Standing Order*, ¶ 2(e). Plaintiff's required bond amount is $300,000. (*Id.*) Because the Court is denying Plaintiff's Motion for several independent reasons discussed above, the Court declines to consider and thus dismisses as moot, Plaintiff's requests concerning asset restraints and expedited discovery.

## CONCLUSION

The Court denies Plaintiff's Motion. (Dkt. 15). Plaintiff is ordered to serve Defendants on or before December 27, 2026. Fed. R. Civ. P. 4(m). Failure to comply will result in dismissal. *Id.*

Virginia M. Kendall
United States District Judge

Date: November 10, 2026